IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN H. LOVELACE, JR.**                                                              **PLAINTIFF**

v.                     **Case No. 4:20-cv-01348-KGB**

**VERIZON WIRELESS**                                                                      **DEFENDANT**

## ORDER

Before the Court is plaintiff John H. Lovelace Jr.'s motion for leave to proceed *in forma pauperis* ("IFP") and a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"), filed against defendant Verizon Wireless ("Verizon") (Dkt. Nos. 1, 2).  Mr. Lovelace submitted supplemental information in support of his claims (Dkt. No. 5).  Also before the Court is Mr. Lovelace's motion to appoint counsel (Dkt. No. 3).

    **I.**     **IFP Application**

Based on Mr. Lovelace's application to proceed IFP, he has neither the funds nor the income to pay the filing fee.  Therefore, the Court grants Mr. Lovelace's motion to proceed IFP (Dkt. No. 1).

    **II.**     **Screening Of The Complaint**

Because Mr. Lovelace is proceeding IFP, the Court is required to screen his complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, Case No. 3:18-CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Though the record is not especially clear, according to Mr. Lovelace's complaint and the supplemental information provided, Mr. Lovelace was employed by Verizon for almost five years (Dkt. No. 5, at 25). On August 3, 2019, Mr. Lovelace was involved in an automobile accident and alleges that he was out from his employment "on short term disability concurrent with FMLA" (*Id.*, at 3). Mr. Lovelace alleges that he received a call from Antionette Chester, another Verizon employee, on September 11, 2019, stating that Verizon had not received the necessary paperwork from Mr. Lovelace's doctor to continue his leave and that Verizon was terminating his employment

(*Id.*).  Mr. Lovelace asserts that his doctor sent the paperwork on September 10, 2019, the date on which it was due (*Id.*).  Mr. Lovelace states that he did not receive any other contact from Verizon until September 25, 2019, when he was contacted to go over an off-boarding checklist (*Id.*).  Mr. Lovelace states that he was then told that he was being fired for "job abandonment" though he was not told the dates or times for which he was being terminated (*Id.*).  Mr. Lovelace states that "in previous years if there was an issue" he was given the opportunity to clear it up and that "all [his] time was fmla [sic] time." (*Id.*, 3-4).  Mr. Lovelace states that he "complained on this sup[ervisor] a few months ago" and that the director who had previously helped him clear up his time had been replaced with a "possible friend of hers" (*Id.*, at 4).  At this stage, the Court understands "hers" to refer to the supervisor Mr. Lovelace alleges he made a complaint against, although that is not clear.  Mr. Lovelace alleges that this supervisor and director, "went to her to get me terminated due to the lack of communication and not following their own policies and procedures.  I have several illnesses[,] and I believe she treated me unfairly due to this." (*Id.*, at 4-5).  Mr. Lovelace claims that he was terminated "while under doctor's care" (Dkt. No. 2, at 3).

Mr. Lovelace also claims that, during his employment at Verizon, he was called "the n-word" by a customer and that customer left a negative survey regarding Mr. Lovelace (*Id.*).  Mr. Lovelace alleges that his "caucasian manager and supervisor shared the customer's view and would not remove it." (*Id.*).  He alleges that the derogatory review was not removed until "a minority stepped in." (Dkt. No. 5, at 7).  In Mr. Lovelace's supplemental information, he identifies as "a black male in a female dominated workforce" (*Id.*, at 5).

Mr. Lovelace filed charges against Verizon with the Equal Employment Opportunity Commission ("EEOC") charging Verizon with acts of discrimination on July 21, 2020, and he was issued Notice of Right to Sue by the EEOC on August 18, 2020 (*Id.*, at 2).  Mr. Lovelace filed the present suit on November 16, 2020, alleging that Verizon discriminated against him on the basis of

3

race and color and in violation of the Americans with Disabilities Act (Dkt. No. 2, at 2).

For screening purposes, Mr. Lovelace's complaint suffices. As a *pro se* litigant, Mr. Lovelace's complaint should be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). With liberal construction, the Court understands Mr. Lovelace's complaint to allege that he was fired due to his race, color, or sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act, 42 U.S.C.A. § 12101 *et seq*. (Dkt. No. 2, at 2). Mr. Lovelace includes relevant paperwork from the EEOC indicating that he filed a claim prior to filing this lawsuit (*Id.*, at 4 ). Accordingly, service on the defendant is appropriate.

### III.   Service Of Process

Because Mr. Lovelace is proceeding *in forma pauperis*, he is entitled to rely on service by the United States Marshals Service ("USMS"). *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see also Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (recognizing that, because the plaintiff was proceeding *in forma pauperis*, "[t]he court staff were obligated to prepare the summons and provide it to the USMS, and the USMS was obligated to effect service"). Because Mr. Lovelace is entitled to rely on service by the USMS, and because an extension of time to perfect service would not prejudice defendant, the Court finds that Mr. Lovelace's failure to serve process within 90 days of the complaint being filed is the result of excusable neglect and grants Mr. Lovelace a 90-day extension from the entry of this Order to serve defendant Verizon Wireless with the summons and complaint. *See Kurka v. Iowa Cty.*, 628 F.3d 953, 959 (8th Cir. 2010) ("Because the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant."); *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 614 (8th Cir. 2003) ("Where a dismissal without prejudice has the actual effect of terminating

a plaintiff's claim, . . . a strong argument may be made for a permissive extension, at least when such an extension would cause little or no prejudice to the defendant.").

The Court directs the USMS to serve the summons, the complaint, and the supplemental information submitted by Mr. Lovelace on Verizon Wireless at the address listed in Mr. Lovelace's complaint (Dkt. No. 2, at 1).

### IV.   Motion To Appoint Counsel

Also pending before the Court is Mr. Lovelace's motion to appoint counsel (Dkt. No. 3).  The factors to consider in deciding whether to appoint counsel in a civil case are whether:  (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood,* 731 F.2d 587, 590 (8th Cir. 1984).  Moreover, courts evaluate factors such as "the complexity of the case, the ability of the indigent litigant to investigate facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . .  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (internal citation omitted).

Mr. Lovelace's motion to appoint counsel lists three lawyers who he has contacted to no avail regarding his case.  However, Mr. Lovelace's complaint contains detailed factual allegations demonstrating that he is capable of investigating the facts of his case and presenting his claims (Dkt. Nos. 2, 5).  For these reasons, at this time, the Court denies without prejudice Mr. Lovelace's motion to appoint counsel (Dkt. No. 3).

## V. Sealing Of Confidential Information

After reviewing the complaint and additional information provided by Mr. Lovelace, the Court, on its own motion, directs the Clerk of Court to place under seal Docket Number 5, as it contains confidential medical information. If Mr. Lovelace objects to these documents remaining under seal, he should file a written motion with the Court within 14 days from the entry of this Order asking the Court to unseal the filing and stating the reasons that support his request.

## VI. Instructions For *Pro Se* Litigants

Mr. Lovelace is proceeding *pro se*. He is notified that Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas requires *pro se* litigants like Mr. Lovelace: (1) to notify promptly the Court and the other parties in the case of any change of address; (2) to monitor the progress of the case; and (3) to prosecute or defend the action diligently. Mr. Lovelace should be aware that Local Rule 5.5(c)(2) further provides that the failure to respond to any communication from the Court within 30 days may result in dismissal of the case. Any party proceeding *pro se* is expected to be familiar with and follow the Federal Rules of Civil Procedure as well as the Local Rules of this Court. A copy of the Local Rules may be obtained from the District Clerk for the Eastern District of Arkansas.

## VII. Conclusion

For the reasons set forth above, the Court grants Mr. Lovelace's motion for leave to proceed IFP (Dkt. No. 1). The Court directs the USMS to serve the summons, the complaint, and the supplemental information submitted by Mr. Lovelace on Verizon Wireless at the address listed in Mr. Lovelace's complaint (Dkt. No. 2, at 1). The Court denies without prejudice Mr. Lovelace's motion to appoint counsel. The Court directs the Clerk of Court to place under seal Docket Number 5.

It is so ordered this 3rd day of September, 2021.

_____
Kristine G. Baker
United States District Judge