# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOHN H. LOVELACE, JR.**                                                                                   **PLAINTIFF**

v.                              Case No. 4:20-cv-01348-KGB

**VERIZON WIRELESS**                                                                                        **DEFENDANT**

## ORDER

Before the Court is defendant Cellco Partnership d/b/a Verizon Wireless' ("Verizon") motion to dismiss plaintiff's complaint for failure to state a claim or alternatively insufficient service of process (Dkt. No. 13). Plaintiff John H. Lovelace, Jr. filed a response opposing Verizon's motion to dismiss (Dkt. No. 16). For the reasons stated below, the Court grants, in part, and denies, in part, Verizon's motion (Dkt. No. 13).

### I.     Factual Allegations

The following facts are taken from Mr. Lovelace's complaint and the supplemental information he filed in support of his claims (Dkt. Nos. 1; 5). The Court examines the supplemental information (Dkt. No. 5) because, in the Court's view, it is material "necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007), for the proposition that, at the motion to dismiss stage, a district court may "consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'"). The Court understands from its filing that Verizon has not been served with or received a copy of the supplemental information (Dkt. No. 5); the supplemental information is under seal given the personal identifying information and confidential information it contains.

Mr. Lovelace filed a *pro se* complaint alleging that his former employer Cellco Partnership d/b/a Verizon Wireless, which he incorrectly named Verizon Wireless, violated Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII") (Dkt. No. 2). The complaint also mentions that Verizon violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") (*Id.*, at 2). Along with his complaint, Mr. Lovelace filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. No. 1). The Court granted Mr. Lovelace's IFP request on September 3, 2021 (Dkt. No. 6, at 1). In its September 3, 2021, Order, the Court conducted a screening analysis to determine if the complaint was frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief against a defendant who was immune from such relief (Dkt. No. 6, at 1–3). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants – prisoners, and non-prisoners alike). In screening the complaint and the supplemental information, the Court found the following facts and concluded that "the record [was] not especially clear" (*Id.*, at 2).

According to Mr. Lovelace's complaint and the supplemental information provided, Verizon, doing business as Verizon Wireless, employed Mr. Lovelace for almost five years (Dkt. No. 5, at 25). On August 3, 2019, Mr. Lovelace was involved in an automobile accident and alleged that he was out from his employment "on short term disability concurrent with FMLA" (*Id.*, at 3). Mr. Lovelace alleged that he received a call from Antionette Chester, another Verizon employee, on September 11, 2019, stating that Verizon had not received the necessary paperwork from Mr. Lovelace's doctor to continue his leave and that Verizon was terminating his employment (*Id.*). Mr. Lovelace maintained that his doctor sent the paperwork on the September 10, 2019, due date (*Id.*). The supplemental information submitted to the Court contains information indicating that Mr. Lovelace did not receive any other contact from Verizon until September 25, 2019, when a representative reached out to go over an off-boarding checklist (*Id.*). Mr. Lovelace maintains that

the representative told him that he was being fired for "job abandonment " though he was not told the dates or times for which he was being terminated (*Id.*). Mr. Lovelace states that "in previous years if there was an issue" he was given the opportunity to clear it up and that "all [his] time was fmla [sic] time." (*Id.*, 3–4). Mr. Lovelace states that he "complained on this sup[ervisor] a few months ago" and that the director who had previously helped him clear up his time had been replaced with a "possible friend of hers" (*Id.*, at 4). At this stage, the Court understands "hers" to refer to the supervisor Mr. Lovelace alleges he made a complaint against, although that is not clear. Mr. Lovelace alleges that this supervisor and director "went to her to get me terminated due to the lack of communication and not following their own policies and procedures. I have several illnesses[,] and I believe she treated me unfairly due to this." (*Id.*, at 4–5). Mr. Lovelace claims that he was terminated "while under doctor's care" (Dkt. No. 2, at 3).

Mr. Lovelace also claims that, during his employment at Verizon, he was called "the n-word" by a customer and that customer left a negative survey regarding Mr. Lovelace (*Id.*). Mr. Lovelace alleges that his "caucasian manager and supervisor shared the customer's view and would not remove it." (*Id.*). He alleges that the derogatory review was not removed until "a minority stepped in" (Dkt. No. 5, at 7). In Mr. Lovelace's supplemental filing, he identifies himself as "a black male in a female dominated workforce" (*Id.*, at 5).

Mr. Lovelace filed charges against Verizon with the Equal Employment Opportunity Commission ("EEOC") charging Verizon, named in the complaint as Verizon Wireless, with acts of discrimination on July 21, 2020, and he was issued Notice of Right to Sue by the EEOC on August 18, 2020 (*Id.*, at 2). Mr. Lovelace filed the present suit on November 16, 2020, alleging that Verizon, named as Verizon Wireless, discriminated against him on the basis of race and color and in violation of the Americans with Disabilities Act (Dkt. No. 2, at 2).

The Court concluded in its September 3, 2021, Order that, for screening purposes, Mr. Lovelace's complaint sufficed, noting that, as a *pro se* litigant, Mr. Lovelace's complaint should be liberally construed (Dkt. No. 6, at 4). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court concluded, liberally construing Mr. Lovelace's complaint, that Mr. Lovelace alleged that he was fired due to his race, color, or sex in violation of Title VII, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Dkt. No. 2, at 1–2). Mr. Lovelace included relevant paperwork from the EEOC indicating that he filed a Charge of Discrimination with the EEOC prior to filing this lawsuit (*Id.*, at 4).

Verizon filed the instant motion to dismiss on November 9, 2021, requesting that the Court dismiss Mr. Lovelace's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), arguing that Mr. Lovelace failed to state a claim and provided insufficient service of process (Dkt. No. 13).

**II.   Analysis**

    **A.   Motion To Dismiss Under Rule 12(b)(6)**

        **1.   Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The issue at the motion to dismiss stage "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).

When ruling on a Rule 12(b)(6) motion to dismiss, a district court generally may not consider materials outside the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The district court "may, however, consider some public records, materials that do not contradict the complaint or materials that are 'necessarily embraced by the pleadings.'" *Noble Sys. Corp.*, 543 F.3d at 978 (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). The Court may also consider material attached to the complaint. *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240 (8th Cir. 2006).

        **2.**      **Failure To State A Claim**

The Court screened Mr. Lovelace's complaint and the supplemental information (Dkt. No. 5) and determined, under a liberal construction owed to every *pro se* litigant, that Mr. Lovelace's complaint met the pleading standards required to state a claim upon which relief could be granted. Verizon filed the instant motion asserting that Mr. Lovelace failed to exhaust his administrative

remedies as to claims for color discrimination and retaliation and pled insufficient facts to support his remaining discrimination claims (Dkt. Nos. 6, at 1–3; 14, at 6–8). *See Iqbal*, 556 U.S., at 678 (2009); *Erickson*, 551 U.S. at 94 (2007). Moreover, although Verizon seeks to avoid having the instant motion converted to a motion for summary judgment, Verizon includes a copy of the Charge submitted by Mr. Lovelace to the EEOC (Dkt. No. 13-1).

With respect to Mr. Lovelace's claims for color discrimination and retaliation, the Court agrees with Verizon that Mr. Lovelace failed to exhaust his administrative remedies as to those claims. He did not check those boxes on the form Charge, and the language used in his Charge does not indicate an intent to make such allegations (Dkt. No. 13-1). Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court. Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). Although a plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC, the Court determines that color discrimination and retaliation were not allegations properly exhausted. Therefore, claims based on those allegations are dismissed without prejudice.

With respect to Mr. Lovelace's claims for race, gender, and disability discrimination, the Court determines that Mr. Lovelace pled facts sufficient to state a claim upon which relief can be granted under a liberal construction and given notice pleading standards. As a result, the Court denies Verizon's motion to dismiss for failure to state a claim as to these allegations at this stage of the proceeding (Dkt. No. 13). The Court reaches this conclusion by looking to the principle that this

6

stage of the litigation "is not [to settle] whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz*, 534 U.S. at 511. Mr. Lovelace is entitled to offer such evidence.

### B. Insufficient Service of Process Under Rule 12(b)(5)

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss the case by challenging the delivery method of a summons and complaint. Service of process is "the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444–445 (1946). Therefore, a defendant must receive valid service of process for a district court to exercise personal jurisdiction. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, (1987). When the service of process is contested by the defendant, the plaintiff has the burden to prove proper service. *Woolbright v. Tankinetics, Inc.*, 2013 WL 5373614, at *2 (W.D. Ark. Sept. 25, 2013).

The Federal Rules of Civil Procedure do not provide for service of an individual within the United States by certified mail, but Federal Rule of Civil Procedure 4(e)(1) does permit service pursuant to the rules of the state where the district court is located or where service is made. The Arkansas Rules of Civil Procedure permit service by certified mail delivered to an authorized agent of a corporation. Ark. R. Civ. P. 4(g)(1)(a)(i). However, Arkansas law does not provide for a party to serve a defendant simply by leaving a copy of the summons at the officer's or agent's place of employment. *Dintelman v. Chicot City, Mem'l Hosp.*, Case No. 5:07-cv-00196, 2011 WL 1288482, at *4 (E.D. Ark. Mar. 31, 2011) (holding service of process insufficient where it was served at a defendant's workplace, but he was not present, and neither was a registered agent).

Under Arkansas law, for service of process by mail to be valid, the complaint and summons must be sent as "certified mail addressed to the person to be served with return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. 4(g)(1)(a)(i).  The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with United States Postal Service regulations.  *Id.*  However, "service on the registered agent of a corporation may be made by certified mail with a return receipt requested."  *Id.*

In Arkansas, statutory service requirements must be strictly construed, and compliance with them must be exact.  *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (Ark. 2003).  Under Arkansas law, "[a]ctual knowledge of a proceeding does not validate defective process."  *Wilburn v. Keenan Cos.*, 768 S.W.2d 531, 532 (Ark. 1989).  Other courts have noted that service of process by mail can be problematic and that service by mail must still meet the requirements of the law.  *See Duquette v. Pac-Perl, LLC*, No. 3:13–CV–03067, 2014 WL 6908007, at *2 (W.D. Ark. Dec. 8, 2014) (noting that "problems with the United States Postal Service . . . do not suffice to overcome the formal requirements for service of process.").

## 2. Sufficiency Of Service Of Process

Verizon argues that the Court should dismiss the case due to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) (Dkt. No. 13).  Verizon complains that it did not consent to waive service, that it was improperly served because its legal name is Cellco Partnership, and that service was not effectuated on the proper person under the Federal Rules of Civil Procedure (Dkt. No. 14 at 1, 9).

As Mr. Lovelace is proceeding IFP, the Court directed the Clerk's office to prepare the summons in this matter and ordered the United States Marshal to serve the defendant in accordance

8

with Federal Rule of Civil Procedure 4(c)(3) (Dkt. No. 6, at 4–5). The United States Marshals Service filed a process receipt and return with the Court indicating Verizon Wireless was served the summons and complaint *via* certified mail on October 4, 2021 (Dkt. No. 8).[1] Verizon complains that the complaint and summons were merely mailed to Verizon Wireless instead of an officer, managing general agent, or an agent authorized to receive service (Dkt. No. 14, at 9).

Federal Rule of Civil Procedure 4(h) provides in pertinent part:

a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. . . .

Under Rule 4(e)(1), "an individual. . . may be served in a judicial district of the United States by. . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Arkansas Rule of Civil Procedure 4(e), "[s]ervice on a limited liability company shall be on its registered agent for service of process, or the agent's secretary or assistant . . ." Ark. R. Civ. P. 4(f)(6). In addition to the methods of service described in Arkansas Rule of Civil Procedure 4(f):

---

[1] The Court notes that the summons was issued before and served after Mr. Lovelace provided the corrected address for service (Dkt. Nos. 7; 8). The original service address was 1 Verizon Way Drive, Basking Ridge, NJ 07920 (Dkt. No. 8, at 1). The updated address provided by Mr. Lovelace on September 27, 2021, is 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201 (Dkt. No. 7). The updated address matches the service address provided by Verizon Wireless LLC and Cellco Partnership on the Arkansas Secretary of State's website. https://www.sos.arkansas.gov/corps/search_corps.php.

with Federal Rule of Civil Procedure 4(c)(3) (Dkt. No. 6, at 4–5). The United States Marshals Service filed a process receipt and return with the Court indicating Verizon Wireless was served the summons and complaint *via* certified mail on October 4, 2021 (Dkt. No. 8).[1] Verizon complains that the complaint and summons were merely mailed to Verizon Wireless instead of an officer, managing general agent, or an agent authorized to receive service (Dkt. No. 14, at 9).

Federal Rule of Civil Procedure 4(h) provides in pertinent part:

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. . . .

Under Rule 4(e)(1), "an individual. . . may be served in a judicial district of the United States by. . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Arkansas Rule of Civil Procedure 4(e), "[s]ervice on a limited liability company shall be on its registered agent for service of process, or the agent's secretary or assistant . . ." Ark. R. Civ. P. 4(f)(6). In addition to the methods of service described in Arkansas Rule of Civil Procedure 4(f):

---

[1] The Court notes that the summons was issued before and served after Mr. Lovelace provided the corrected address for service (Dkt. Nos. 7; 8). The original service address was 1 Verizon Way Drive, Basking Ridge, NJ 07920 (Dkt. No. 8, at 1). The updated address provided by Mr. Lovelace on September 27, 2021, is 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201 (Dkt. No. 7). The updated address matches the service address provided by Verizon Wireless LLC and Cellco Partnership on the Arkansas Secretary of State's website. https://www.sos.arkansas.gov/corps/search_corps.php.

process may be served on any defendant except the United States and any of its agencies, officers, or employees by . . .

(1) *Service by Mail.* The plaintiff or an attorney of record for the plaintiff shall serve process by mail only as provided in this paragraph.

> (A)(i) Certified mail shall be addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. Notwithstanding the foregoing, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested

Ark. R. Civ. P. 4(g).

Once service is contested, it is typically a plaintiff's burden to prove service was proper. *Richardson v. Volkswagenwerk, A.G.*, 552 F. Supp. 73, 79 (W.D. Mo. 1982); *see also Roberts v. USCC Payroll Corp.*, 2009 WL 88563, at *1 (N.D. Iowa Jan 13, 2009) ("In a Rule 12(b)(5) motion, the party making the service has the burden of demonstrating validity when an objection to the service is made."). In this case, however, the Court ordered service by the United States Marshal. Therefore, any defect in service is on the Court, and it will not justify dismissal of Mr. Lovelace's case. 28 U.S.C. § 1915(d); Fed R. Civ. P. 4(c)(3). The Court finds that Verizon was not served properly as required by Rule 4 of the Federal Rules of Civil Procedure, but it denies Verizon's motion to dismiss on this ground (Dkt. No. 13).

The Court notes that, in several docket entries, Verizon refers to itself as Cellco Partnership d/b/a Verizon Wireless (Dkt. Nos. 9–10; 13–15). The Court takes judicial notice of the Secretary of State's website, which informs the Court that "Verizon Wireless Services, LLC" is registered in Arkansas as a foreign limited liability company and "Cellco Partnership" is a foreign general partnership registered in Arkansas. https://www.sos.arkansas.gov/corps/search_corps.php. The

Court directs the Clerk to amend the docket to reflect two defendants: one named Cellco Partnership and one named Verizon Wireless Services, LLC.

The Court directs the United States Marshal to serve defendants Cellco Partnership and Verizon Wireless Services, LLC, with the summons and complaint, as well as the supplemental information (Dkt. Nos. 2; 5), without requiring prepayment of fees and costs. The United States Marshal shall serve Cellco Partnership and Verizon Wireless Services, LLC, by certified mail with a return receipt requested and delivery restricted to its registered agent C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201. The Court extends the time for service an additional 60 days from the date of this Order to allow the United States Marshal time to complete service. *See* Fed. R. Civ. P. 4(m).

### III. Conclusion

For these reasons, the Court denies Verizon's motion to dismiss (Dkt. No. 13). It is therefore ordered that:

1. The Court grants, in part, and denies, in part, Verizon's motion to dismiss Mr. Lovelace's complaint under Federal Rule of Civil Procedure 12(b)(6).

2. The Court denies Verizon's motion to dismiss the complaint for improper service of process. The Court extends the time for service an additional 60 days from the date of this Order.

3. The Court directs the Clerk to amend the docket to reflect that Cellco Partnership and Verizon Wireless Services, LLC, are the entities sued and to issue summons for Cellco Partnership and Verizon Wireless Services, LLC.

4. The Court directs the United States Marshal to serve defendants Cellco Partnership and Verizon Wireless Services, LLC, with the summons and complaint, as well as the

supplemental information (Dkt. Nos. 2; 5), without requiring prepayment of fees and costs. The United States Marshal shall serve Cellco Partnership and Verizon Wireless Services, LLC, by certified mail with a return receipt requested and delivery restricted to its registered agent C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201.

It is so ordered this 12th day of September, 2022.

_____
Kristine G. Baker
United States District Judge