IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN H. LOVELACE, JR.                                                    PLAINTIFF

v.                              Case No. 4:20-cv-01348-KGB

VERIZON WIRELESS SERVICES, LLC
and CELLCO PARTNERSHIP                                            DEFENDANTS

## ORDER

Before the Court are the *pro se* motions filed by plaintiff John H. Lovelace, Jr. to reopen this case (Dkt. Nos. 50; 52).  Mr. Lovelace also separately filed a statement with the Court (Dkt. No. 49). Mr. Lovelace requests that the Court review the entirety of his statement, as well as "any available audio and video" from the July 19, 2023, settlement conference before United States Magistrate Judge J. Thomas Ray, and reopen this case (Dkt. Nos. 49, at 2; 50).

The docket reflects that Mr. Lovelace continues to be represented by Chistopher W. Burks, and no motion to be relieved as counsel has been filed by Mr. Burks.  However, in his most recent filing, Mr. Lovelace submits a copy of a letter from Mr. Burks informing Mr. Lovelace that, given Mr. Lovelace's recent allegations, Mr. Burks can no longer represent him (Dkt. No. 52, at 5).  Though the Court is under no obligation to consider *pro se* motions made by represented parties, under the circumstances of this case, the Court addresses Mr. Lovelace's statement and rules on his motions in this Order.  *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001).

## I.    Background

On July 19, 2023, the parties participated in a settlement conference before United States Magistrate Judge J. Thomas Ray (Dkt. No. 46).  The minute entry for the settlement conference indicates that "the parties reached a full and final settlement agreement of all claims.  Terms of the agreement were recited by the Court, and the parties and counsel acknowledged approval." (*Id.*).  On

July 26, 2023, the parties filed a joint stipulation of dismissal, and on August 7, 2023, the Court adopted the stipulation and dismissed with prejudice Mr. Lovelace's complaint (Dkt. Nos. 47; 48).

The day after the Court adopted the joint stipulation of dismissal, on August 8, 2023, Mr. Lovelace filed his statement with the Court (Dkt. No. 49).  On November 13, 2023, Mr. Lovelace filed his motion to reopen the case (Dkt. No. 50).  In his initial motion, Mr. Lovelace indicated that he had "new evidence to submit in reference to this case," and the Court directed him in an Order to file that new evidence (Dkt. No. 51).  Mr. Lovelace then made another filing, supplementing his motion to reopen the case (Dkt. No. 52).

## II.      Review Of Mr. Lovelace's Statement And Audio Of The Settlement Conference

The Court has reviewed Mr. Lovelace's statement to the Court (Dkt. No. 49).  Further, as Mr. Lovelace requested, the Court has also reviewed the audio from the settlement conference proceedings.  The only available audio recording is the portion of the settlement conference in which Judge Ray recounted the terms of the "full and complete settlement."  In that recording, when asked by Judge Ray if the Judge had "fully, accurately and completely stated the terms and conditions of this settlement," Chris Burks, counsel for Mr. Lovelace, responds, "Yes, your honor."  When Judge Ray asks Mr. Lovelace, "Mr. Lovelace, as the plaintiff in this case, do you agree to all of those terms and conditions," Mr. Lovelace responds, "Yes, your honor."  Judge Ray asks the same questions of defendant Verizon Wireless Services, LLC's counsel and corporate representative, who both respond in the affirmative.

## III.     The Motion To Reopen

The submission of the joint stipulation operated to dismiss Mr. Lovelace's complaint by agreement "executed by the parties without any involvement by the court."  *White v. Nat'l Football*

*League*, 756 F.3d 585, 595 (8th Cir. 2014).  Mr. Lovelace now moves to reopen this case (Dkt. No. 50).

Federal Rule of Civil Procedure 60(b) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances."  *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995) (citing *Atkinson v. Prudential Ins. Co.*, 43 F.3d 367, 371 (8th Cir. 1994)).  The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under one of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6).  *See Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 n.11 (1988).

Mr. Lovelace alleges that there was an improper relationship of some kind between his attorney, defense counsel, and Judge Ray (Dkt. Nos. 49, at 7-8; 52, at 2).  "To prevail on a Rule 60(b)(3) motion, the moving party 'must establish that the adverse party engaged in fraud or other misconduct and that this conduct prevented the moving party from fully and fairly presenting its case.'"  *E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 216–17 (8th Cir. 1985) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 206-07 (3d Cir.1983)).  "The movant's burden of proof is one of clear and convincing evidence." (*Id*.) (quotation omitted).

3

Mr. Lovelace has not provided sufficient evidence of fraud, misrepresentation, or misconduct by defendants, defendants' counsel, his counsel, or Judge Ray to prevail under Rule 60(b)(3). Further, Mr. Lovelace has not presented sufficient evidence to merit relief under any other provision of Rule 60(b). Mr. Lovelace does not dispute that he agreed to the settlement. He does not dispute that he confirmed his agreement with the settlement on the record in open Court when asked to do so by Judge Ray. Mr. Lovelace's allegations do not plausibly allege that he is entitled to relief under any other provision of Federal Rule of Civil Procedure 60(b). The Court finds that Mr. Lovelace has not established sufficient grounds to reopen this case.

## IV.     Conclusion

For the foregoing reasons, the Court denies Mr. Lovelace's motions to reopen this case (Dkt. Nos. 50; 52). This case remains closed.

It is so ordered this 13th day of September, 2024

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge

4